UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOSEPH W. ROHLMAN and NICOLE D. ROHLMAN,

    Plaintiffs,

v.

COUNTRYWIDE BANK, FSB; et al.,

    Defendants.

3:10-cv-0638-LRH-VPC

<u>ORDER</u>

Before the court is plaintiffs Joseph W. Rohlman and Nicole D. Rohlman's ("the Rohlmans") motion to remand filed on October 24, 2010. Doc. #9.[1] Defendants filed an opposition on November 10, 2010. Doc. #13.

**I.  Facts and Procedural History**

In April, 2008, the Rohlmans purchased real property through a mortgage note and deed of trust originated and executed by defendant Countrywide Bank, FSB ("Countrywide"). Eventually, the Rohlmans defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, the Rohlmans filed a complaint in state court against defendants alleging eleven causes of action: (1) injunctive relief; (2) declaratory relief; (3) debt collection violations;

---

[1] Refers to the court's docket entry number.

(4) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (5) Nevada Unfair Lending Practices Act, NRS 598D.100; (6) breach of good faith and fair dealing; (7) NRS 107.080; (8) quiet title; (9) fraud through omission; (10) fraud in the inducement; and (11) unjust enrichment. Doc. #1, Exhibit 1. Defendants removed the action to federal court based upon federal question and diversity jurisdiction. Doc. #1. Thereafter, the Rohlmans filed the present motion to remand. Doc. #9.

## II.  Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

## III.  Discussion

### A. Federal Question Jurisdiction

A case may be removed to federal court if the action arises under federal law. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441. A case arises under federal law if the complaint establishes either that federal law created the cause of action, or that the plaintiff's right to relief "requires resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983); *see also, Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).

The Rohlmans' complaint alleges eleven causes of action. Doc. #1, Exhibit 1. Based on the face of the complaint, the Rohlmans allege only state law claims insufficient to grant federal question jurisdiction. In opposition, defendants argue that removal is proper because the Rohlmans' claims are rooted in federal law. *See Grable & Sons Metal Prod. v. Darue Engineering & MFG.*, 545 U.S 308, 312 (2005) (federal question jurisdiction will lie over state law claims that implicate significant federal issues). Therefore, defendants contend the court may exercise federal question jurisdiction.

However, contrary to defendants' position, the Nevada statutes at issue in the complaint define state claims that are separate from, and have distinct legal precedents different than, their federal counterparts. Although federal regulations are expressly noted in the Nevada statutes, these references only provide a framework for determining the types of claims that can be brought under the state statutes. The fact that a violation of federal law may be a predicate for the violation of state law does not automatically elevate the state claim to a claim requiring "resolution of a substantial question of federal law" sufficient to establish jurisdiction. *Franchise Tax Bd. of Cal*, 463 U.S. at 13. Further, the Nevada courts have interpreted these statutes without implicating federal issues. *See e.g., State ex rel. List v. AAA Auto Leasing & Rental*, 93 Nev. 483 (Nev. 1977) (enforcing NRS 598).

Accordingly, the court finds that the Rohlmans' state law claims do not implicate significant federal issues establishing federal question jurisdiction. *See e.g.*, *California ex. Rel Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004) (finding that removal was proper only because the state causes of action turned on the defendant's compliance with federal regulations). Therefore, the court cannot exercise federal question jurisdiction.

**B. Diversity Jurisdiction**

A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

28 U.S.C. § 1332(a). Further, an action based on diversity jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b).

Here, defendants argue that there is complete diversity between the parties because defendant Western Title Company ("Western") is a fraudulently joined defendant whose residency cannot be used to defeat the exercise of diversity jurisdiction.

A fraudulently joined defendant does not "defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Fraudulent joinder "occurs when a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey*, 139 F.3d at 1318; *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Kruso v. International Tel. & Tel. Corp.,* 872 F.2d 1416, 1426-27 (9th Cir. 1989); *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 247 (E.D. Cal. 1992). In determining whether a cause of action is stated against a non-diverse defendant, courts look only to a plaintiff's pleadings. *Gardner v. UICI*, 508 F.3d 559, 561 n.3 (9th Cir. 2007).

Nevada is a notice-pleading jurisdiction which liberally construes pleadings. *Chavez v. Robberson Steel Co.*, 584 P.2d 159, 160 (Nev. 1978). The allegations of a complaint are sufficient to assert a claim for relief when the allegations "give fair notice of the nature and basis" for a claim. *Vacation Village, Inc. v. Hitachi Am., Ltd.*, 874 P.2d 744, 746 (Nev. 1994).

In their complaint, the Rohlmans make only a single allegation against non-diverse defendant Western, namely that Western was the company which caused the notice of default to be recorded with the recorder's office. *See* Doc. #1, Exhibit 1. The court has reviewed the documents and pleadings on file in this matter and finds that the Rohlmans fail to sufficiently assert any claims for relief against Western based on the sole allegation that Western paid to have documents recorded at the recorder's office. Western is not named in any of the claims for relief. Further, Western is not listed as a beneficiary or trustee and did not sign any of the documents at issue.

4

Finally, there is no statement within the complaint that provides Western with the requisite fair notice of the nature and basis for any claims against it. *See Vacation Village, Inc.*, 874 P.2d at 746. Therefore, based on the allegations in the complaint, the court finds that non-diverse defendant Western is a fraudulently joined defendant whose citizenship does not defeat the exercise of diversity jurisdiction. Accordingly, the court finds that there is complete diversity between the parties and that the exercise of diversity jurisdiction is appropriate.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #9) is DENIED.

IT IS SO ORDERED.

DATED this 14th day of December, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE