**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH W. ROHLMAN et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 3:10-cv-00638-RCJ-RAM |
| vs. ) | |
| ) | |
| COUNTRYWIDE BANK, FSB et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy-type complaint listing eleven causes of action. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Four motions are pending before the Court. For the reasons given herein, the Court denies the Motion to Strike (ECF No. 23), grants the Motion for Leave to File Supplemental Reply (ECF No. 28), and grants the Motions to Dismiss (ECF Nos. 3, 16).

Joseph W. and Nicole D. Rohlman gave lender Countrywide Bank, FSB a promissory note for $169,200, secured by a deed of trust ("DOT") against real property at 2790 North Fork Rd., Fernley, NV 89521 (the "Property"). (*See* DOT 1–4, Apr. 7, 2008, ECF No. 5, at 12). Recontrust Co. was the trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") was listed as "nominee" and "beneficiary." (*See id.*). MERS purported to assign the note and DOT to BAC Home Loans Servicing, LP ("BAC"), f.k.a. Countrywide Home Loans Servicing,

1 LP. (*See* Assignment, Nov. 23, 2009, ECF No. 17, at 25).  This transfer appears to have been
2 superfluous, however, because BAC became the beneficiary by corporate succession to
3 Countrywide even without any separate assignment.  In any case, the DOT contains language
4 making clear that MERS had the ability to effect such a transfer on behalf of the beneficiary. *See*
5 *Smith v. Cmty. Lending, Inc.*, --- F. Supp. 2d ----, 2011 WL 1127046, at *1–2 (D. Nev. 2011);
6 DOT 4.  BAC substituted Trustee Corps as trustee on the same day MERS purported to transfer
7 the note and DOT from the defunct Countrywide to its successor BAC. (Substitution, Nov. 23,
8 2009, ECF No. 17, at 28).  Trustee Corps filed the NOD the next day. (NOD, Nov. 24, 2009,
9 ECF No. 17, at 32).  The foreclosure therefore was statutorily proper. *See* Nev. Rev. Stat.
10 § 107.080(2)(c).  The affirmative claims fail for this reason and for reasons given in
11 substantively identical cases.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Strike (ECF No. 23) is DENIED.

IT IS FURTHER ORDERED that the Motion for Leave to File Supplemental Reply (ECF No. 28) is GRANTED.

IT IS FURTHER ORDERED that the Motions to Dismiss (ECF Nos. 3, 16) are GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case accordingly.

IT IS SO ORDERED.
DATED This 21st day of July, 2011.

_____
ROBERT C. JONES
United States District Judge